## Case No. 1,242.

BELDEN et al. v. SMITH et al.

[16 N. B. R. (1878,) 302.] [1]

District Court, N. D. New York.

BANKRUPTCY—VOLUNTARY ASSIGNMENT—TITLE OF ASSIGNEE IN BANKRUPTCY — LIEN OF FORMER JUDGMENT—CLOUD ON TITLE.

1. A judgment recovered after the making of a general assignment for the benefit of creditors, without preferences, and valid by the laws of the state where it is made, creates no cloud upon the title to property transferred by the assignment, although such assignment be subsequently set aside upon the application of an assignee in bankruptcy.

[Cited in Wehl v. Wald, 3 Fed. 93. See, also, In re Beisenthal, Case No. 1,236.]

2. Until a general assignment for the benefit of creditors has been set aside, the title to property embraced in it remains in the assignee; it does not vest in the assignee in bankruptcy by the mere force of an adjudication and his appointment as assignee.

[In equity. Bill by James J. Belden, as assignee in bankruptcy of Munroe, against Moses Smith and others, to remove a cloud on title. Defendants demur. Demurrer sustained.]

George Doheny, for complainant.
Warren F. Miller, for defendant Smith.

WALLACE, District Judge. The main question raised by the demurrer to the bill is whether the judgment of the defendant Smith is a cloud on the title to real estate. The bill alleged that after Munroe had executed a general assignment of all his property in trust for the benefit of his creditors, without preferences and pursuant to the laws of New York, to the complainant, after complainant had acquired the trust, the defendant Smith recovered a judgment against Munroe, and docketed it in the county where certain real estate was situated, which had been owned by Munroe, and conveyed by him under the assignment to complainant. The bill then proceeds to allege that after this judgment was docketed, proceedings in bankruptcy were instituted under which Munroe was adjudged a bankrupt, and the complainant was

[1] [Reprinted by permission.]

selected and qualified as assignee in bankruptcy of Munroe, and that thereafter the complainant as assignee in bankruptcy conveyed said real estate, and agreed with the purchaser to remove the apparent lien of Smith's judgment. Then follow general allegations to the effect that the general assignment to complainant is contrary to the spirit and provisions of the "act of congress to establish a uniform system of bankruptcy, etc.," [March 2, 1867, (14 Stat. 517,)] that the complainant is embarrassed by the judgment of Smith, and that Smith refuses to remove the cloud from complainant's title.

Without discussing the question whether complainant, after having conveyed the real estate, has such an interest as will enable him to maintain an action to remove a cloud upon the title, it is clear the complainant cannot maintain this bill. It is well settled that a general assignment in trust for creditors, without preferences, and valid by the laws of the state where it is made, though it may be set aside in favor of an assignee in bankruptcy, as contrary to the provisions of the bankrupt act, is effectual and valid until so set aside; and the grantee in trust takes good title to the property conveyed as against every one but an assignee in bankruptcy. And it is the settled law in this court that a person recovering a judgment after such an assignment has been made and accepted, acquires no lien upon the property transferred by the assignment, although the assignment be subsequently set aside upon the application of an assignee in bankruptcy.

The complainant's case then stands precisely as though he were seeking to remove as a cloud on his title a judgment recovered against a former owner of real estate, after such owner had parted with his title by a valid conveyance. No authority can be found sanctioning such an action. The judgment is not in any legal sense a cloud upon the title. If the bill had alleged that the assignment in trust was void for any reason as against the judgment, a different question would be presented. The only purpose which such an action as this could subserve would be to correct an apparent defect in an abstract of title, and that end could be much more easily accomplished by means of a conveyance by complainant as assignee under the general assignment to the purchaser. In fact, it is difficult to see how the purchaser can acquire any title to the land except by such a conveyance. The title did not vest in the complainant as assignee in bankruptcy by the mere force of an adjudication of bankruptcy and the appointment of complainant as assignee. Until the general assignment shall have been set aside as void as against complainant as assignee in bankruptcy, the title remains in complainant as assignee under the general assignment. Whether an action would lie by a complainant as assignee in bankruptcy against himself as a defendant as assignee under a voluntary assignment, upon the the-

ory that the voluntary assignment was void as contrary to the terms of the bankrupt act, it is not necessary to discuss. The difficulties in the way of such an action are sufficient, to attest to the great impropriety of selecting as an assignee in bankruptcy one who may be called upon to bring an action against himself to invalidate a conveyance to which he has been a party.